Bradley, J.
The action is for divorce, upon the ground of alleged acts of adultery of the defendant, which are denied by the answer of the latter. The plaintiff, on notice, moved the court for an order directing such issues to bn *790 tried by jury and that they be framed for such purpose. The motion was denied, on the ground that the application was not made within ten days after the issue was perfected, without prejudice to a renewal of the motion addressed to the discretion of the court. The plaintiff appeals.
The trial by jury of the issues of fact upon the question of the alleged adultery is a matter of right preserved by the constitution, which provides: “The trial by jury in all cases in which it has been heretofore used shall remain inviolate forever; but a jury trial may be waived by the parties in all civil cases in the manner to be prescribed by law.” Art. 1, § 2. The trial by jury of the question of adultery, when put in issue in an action for divorce, has been used ever since the power was given to the courts of this state to grant relief in such cases.
This power was first transferred from the legislature to the court of chancery by Laws of 1787, chap. 69.
In 1813, there was a further enactment on the subject (2 R. L., 197), and afterwards it went into the revision of the statutes. 2 R. S., 145, § 40. The right of trial by jury in such cases was given by the statutes referred to, and was an existing right at the time of the adoption of the constitution of 1840, and therefore comes within the provision before referred to of that instrument. Batzel v. Batzel, 10 J. & S., 561; S. C., 54 How., 139; Dietz v. Dietz, 2 Hun, 339; Morrell v. Morrell, 17 id., 324. The trial by jury is a matter of right. The method before the Code was to send feigned issues to the jury for trial, for which the present statute has provided as a substitute that in such cases the §arty may upon motion apply to the court for an order irecting the questions of fact arising upon those issues to be distinctly and plainly stated for trial by jury, and “upon the hearing of the application the court must cause the issues * * to be distinctly and plainly stated.” Code Civ. Pro., § 970. This is not a matter of discretion with the court.
The right of trial by jury in this case takes with it the duty of the court to render such right available according to the course and practice prescribed. And hence the provisions of the statute are imperative that the court by order direct trial by jury and cause the issues to be framed for that purpose. Id., § 1757. But in actions in equity where a party is not as of right entitled to a trial by jury, the court may in its discretion upon or without application of a party, direct that one or more questions be tried by jury and cause issues to be framed for such trial. Id., § 971. The limitation of time for making such application as matter of right, given by rule 31 of this court, is applicable to the cases embraced within the provisions of the section last referred to *791 and those in which specific issues are not requisite for the trial, and cannot have the effect to qualify the right to make the application and to have it granted in an action like this where the right of trial by jury exists, and the framing of issues is essential to enable the party to have a trial of the issues in that manner.
The rules of practice authorized are such as are not inconsistent with the statute. Code Civ., Pro., § 17. And they cannot have the effect to modify it or provide a practice not in harmony with it. Rice v. Ehele, 55 N. Y., 518; Glenny v. Stedwell, 64 id., 120; French v. Powers, 80 id., 146; Palmer v. Phenix, 22 Hun, 224.
The right to make the application and the imperative requirement of the statute that it' be granted, do not seem to be the subject of qualification or limitation by a rule of practice, so as to reduce it to a matter of discretion of the court if not made within ten days after issue. Nor can the rule have the effect to prodnce a waiver of the right if not exercised within such limited time. The constitution preserves the right of trial by jury in such case, unless waived in the manner prescribed by law. The law provided the manner that it may be waived. Code Civil Procedure, § 1.009.
it is unnecessary to hold that it cannot be done in any other way.
The right of trial by jury does not appear, to have been waived by the plaintiff.
The order should be reversed, with ten dollars costs and disbursements, and the application remitted to the special term to proceed theron.
Smith, P. J., Haight and Lewis, JJ. concur